# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| SAANCHEZ WEST, | : | Case No. 1:23-cv-271 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| TRIHEALTH HOSPITAL, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER DISMISSING PLAINTIFF'S CLAIMS FOR FAILURE TO PROSECUTE

This matter is before the Court sua sponte. On January 30, 2024, this Court granted Plaintiff's Counsel's motion to withdraw. (*See* 01/30/24 Notation Order.) On March 7, 2024, Defendants moved for an in-person status conference, noting that they had been unable to communicate with the now pro se Plaintiff about discovery. (Motion for Status, Doc. 10, Pg. ID 105-7.) On March 22, 2024, this Court ordered Plaintiff to show cause, within fourteen days, why her claims should not be dismissed for failure to prosecute. (*See* Order to Show Cause, Doc. 12.) The Court sent this Order via certified mail, but it has not received a response from Plaintiff. (*See* Mailing Notice, Doc. 13.) Plaintiff has not otherwise communicated with the Court regarding this case.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court is authorized to dismiss a case for want of prosecution if a party "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Before dismissing a case for failure to prosecute, courts consider "whether: 1) the failure to

cooperate with the court's orders was willful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered." *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citation omitted). District courts have the power to dismiss civil actions sua sponte for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Here, dismissal of Plaintiff's claims is appropriate. The Court warned Plaintiff that its claims would be dismissed if it failed to respond to the Court's Order to Show Cause. (*See* Order to Show Cause, Doc. 12.) Yet, Plaintiff has failed to act, thereby satisfying the first and third factors. *See Int'l Union, Sec., Police & Fire Pros. of Am. v. Maritas*, No. 14-CV-11484, 2015 U.S. Dist. LEXIS 51489, at *7 (E.D. Mich. Mar. 31, 2015). Additionally, Plaintiff's conduct has prejudiced Defendants by causing Defendants to "waste time, money, and effort" in pursuit of this litigation. *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013). Finally, as Plaintiff has abandoned the lawsuit, no "sanction less than dismissal will [] get this case back on track for resolution on the merits." *Ung v. Columbus Extend-A-Suites*, No. 2:18-CV-1479, 2019 U.S. Dist. LEXIS 110153, at *7 (S.D. Ohio July 2, 2019). Plaintiff's failure to prosecute this matter and obey a Court order warrants dismissal of Plaintiff's claims pursuant to Rule 41(b). *See Jourdan*, 951 F.2d at 109-10.

The Court therefore **ORDERS** the following:

(1) This case is **DISMISSED for want of prosecution;**

(2) Defendants' Motion for an In-Person Status Conference (Doc. 10) is **DENIED**

**AS MOOT**; and

(3) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND